### DELAWARE VALLEY TELEPHONE CO. v. TIFFANY.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

CORPORATIONS (§ 175*)—STOCKHOLDERS—ASSESSMENTS.

A corporate by-law providing that, when the treasurer has not sufficient funds to pay a debt of the corporation, an assessment shall be made on the stockholders to cover the amount necessary to cancel such debt, unless otherwise arranged and paid for by the board of directors, did not authorize an assessment to pay the estimated expenses of the current year; and that a portion of the year had expired when the assessment was made was immaterial, where it did not affirmatively appear that the assessment was to pay an indebtedness beyond the funds on hand.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 175.*]

Appeal from Broome County Court.

Action by the Delaware Valley Telephone Company against Elmer C. Tiffany. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. T. Alverson, for appellant.
C. E. Scott, for respondent.

CHESTER, J. The action is brought to recover an assessment made by the plaintiff in May, 1905, against the defendant, as one of the stockholders of the plaintiff. The assessment is made pursuant to one of the by-laws of the plaintiff company, which provides as follows:

"When there are not sufficient funds in the treasurer's hands to pay the indebtedness of the corporation, an assessment shall be made on the stockholders to cover the amount necessary to cancel such indebtedness, unless otherwise arranged and paid by the board of directors."

This by-law authorizes an assessment only when there are not sufficient funds in the treasurer's hands to pay the indebtedness of the corporation, and then only authorizes an assessment for a sufficient amount to cancel the indebtedness. The proof on the trial was to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

effect that the assessment was made, not for the purpose of paying an indebtedness of the company over and above the funds on hand, but was to pay the estimates of the expenses for conducting the company for the current year. The fact that a portion of the year had expired before the assessment was made makes no difference, so long as it did not affirmatively appear that the amount of the assessment was required to pay for indebtedness then due above the moneys on hand. For this reason alone the learned County Court was correct in reversing the judgment of the justice of the peace.

The judgment should be affirmed, with costs. All concur.